On October 4, 2004, the State charged Kevin Taylor with first-degree burglary and extortion, and trial was initially set for December 9, 2004. On December 8, however, Taylor appeared before the court and informed it:
 I would like to relieve this man [trial counsel Curtis Dial] of his representation. I don't feel comfortable. I think there's something wrong with this case so far and I need new representation outside of the county, please.
The court responded by telling Taylor to speak with Dial, who would then file an "appropriate application on [his] behalf." When court re-convened approximately two hours later, it noted that counsel had filed a motion asking the court to continue trial so that Taylor could seek a new attorney. The court then allowed counsel to make a record on the matter. Counsel stated:
 [I]t's my understanding [Taylor] wants a new attorney either by hiring his own or petitioning the Court to appoint a new attorney for him. I've informed him that if that's his request, he needs to make a list of his complaints and provide that to me and I'll submit it to the Court and the Court can then determine whether he's entitled to have a new attorney. He does not feel comfortable going to trial with me as his attorney tomorrow.
Upon Taylor's inquiry as to how this should be done, the court instructed Taylor that he could prepare a list of complaints regarding his attorney and provide that list to his attorney. The attorney would then "draft something to give to the court." Once presented to the court, "some judge is going to have to rule upon [it] at some point in the future depending on the nature of your complaints and the rest of the circumstances of the case." The court explained that this method was intended to protect Taylor from incriminating himself, through direct correspondence with the court.
No motion was filed nor was any further record made regarding substitute counsel. The parties then appeared on February 15, 2005 for a bench trial before another district court judge. Following trial, the court found Taylor guilty of second-degree burglary and extortion and sentenced him to an indeterminate term of ten years on the burglary charge and five years on the extortion charge, to be served concurrently.
Taylor appeals, contending "the court [failed in its] duty to inquire sua sponte once the defendant alleged a breakdown in the attorney-client privilege."[1] He believes the court should have made specific inquiry into his request for new counsel and personally addressed him, rather than requiring Taylor to respond only through counsel. He requests a remand in order to have a hearing in which the depth of breakdown in the client-attorney relationship may be explored. In the alternative he requests that this court preserve the issue for a postconviction relief application.
Generally, we would review this claim for an abuse of discretion, because it is the standard applied to a district court's denial of a request for substitute counsel. See State v.Martin, 608 N.W.2d 445, 449 (Iowa 2000). However, because Taylor's request raises a constitutional issue, namely, that his Sixth Amendment right to counsel was violated, we review de novo.See State v. Thompson, 597 N.W.2d 779, 782 (Iowa 1999).
In State v. Tejeda, our supreme court "explicitly recognize[d] that there is a duty of inquiry once a defendant requests substitute counsel on account of an alleged breakdown in communication." State v. Tejeda, 677 N.W.2d 744, 750 (Iowa 2004) (citing State v. Lopez, 633 N.W.2d 774, 778-781 (Iowa 2001)). The Tejeda court reasoned that while an attorney may have otherwise performed competently, a serious breakdown in communication can result in an inadequate defense and that a "trial court's failure to appoint new counsel when faced with a total breakdown in communication may thus constitute a denial of counsel in violation of the Sixth Amendment." Id. (citingUnited States v. Lott, 310 F.3d 1231, 1250 (10th Cir. 2002)).
Here, the court made no direct inquiry of Taylor as to the nature and extent of his dissatisfaction with counsel and reasons for wanting new counsel from "outside of the county." In fact, the court informed Taylor he did not want to hear from him personally, ostensibly to protect Taylor from self-incrimination, anticipating a bench trial before the same district court judge.
As in Tejeda, while there was no specific allegation of acomplete breakdown in communication, we believe the allegations here at least minimally "triggered a duty to inquire on the part of the trial court, because it might indicate a greater problem was afoot." Tejeda, 677 N.W.2d at 752. However, because no motion was filed and no further record was made, it is possible that any problems resolved themselves prior to trial. Id. at 752. We therefore determine the most appropriate remedy is to preserve this issue for a possible postconviction relief application in which a record can be made as to the depth of the breakdown, if any, between Taylor and his trial counsel. Taylor's convictions are affirmed.
AFFIRMED.
Mahan, J., concurs specially; Sackett, C.J., concurs in part and dissents in part.
[1] We reject the State's contention that Taylor has failed to preserve this issue for our review. Taylor's complaint and request sufficiently apprised the court of a problem for us to consider the issue. See State v. Tejeda, 677 N.W.2d 744, 749
(Iowa 2004) (rejecting similar error preservation objections).